**Jaime CARAMAT–PADILLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75435.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2007.*

Filed Jan. 26, 2007.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND **, District Judge.

MEMORANDUM ***

Jaime Caramat–Padilla ("Caramat–Padilla"), a native and citizen of the Philippines, challenges the decision of the Board

of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of withholding of removal, of deferral of removal under the Convention Against Torture ("CAT"), and of asylum. The IJ found, and Caramat–Padilla does not challenge, that Caramat–Padilla was convicted of an aggravated felony under California Penal Code § 288(a) for a "lewd or lascivious act" upon a child under the age of fourteen.

First, Caramat–Padilla argues that the IJ improperly denied his claim for withholding of removal. Caramat–Padilla asks this court to conclude that the IJ "abused his discretion" in finding that he committed a "particularly serious crime." We are prevented by 8 U.S.C. § 1252(a)(2)(B)(ii) from reviewing certain discretionary decisions. Caramat–Padilla has not raised a constitutional claim or question of law which, under the REAL–ID Act, provide jurisdiction for this court's review of petitions from aliens convicted of "aggravated felonies." 8 U.S.C. § 1252(a)(2)(D). Unlike *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir.2006), Caramat–Padilla does not challenge the legal standard used by the IJ in finding his crime particularly serious. *Id.* Nor does he raise any other legal challenges. *Cf. Morales v. Gonzales*, 472 F.3d 689, 700 (9th Cir.2007). Instead, Caramat–Padilla asks this court to "reweigh evidence to determine if the crime was indeed particularly serious," which does not raise a question of law. *Afridi*, 442 F.3d at 1218.

Caramat–Padilla's second argument, that the IJ erred in denying asylum because of his discretionary determination that the crime was "particularly serious," also fails to raise a question of law. Unlike the heightened showing for withholding of removal, for asylum purposes any aggravated felony is, by statute, a particu- larly serious crime. 8 U.S.C. § 1158(b)(2)(B)(i).

Another jurisdictional bar prevents review of Caramat–Padilla's last challenge, which argues that the IJ erred in finding that he failed to meet his burden to establish eligibility under the CAT. Our review of petitions asserting CAT claims for aliens who have been convicted of "aggravated felonies" is also limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C) & (D). Caramat–Padilla's petition raises neither. *Cf. Morales*, 472 F.3d at 701. Caramat–Padilla does not argue that the IJ's application of the CAT standard to "undisputed facts of the case" resulted in a higher burden than required by law or that the IJ erred in applying the standard. *See Afridi*, 442 F.3d at 1221. Instead, he argues that the IJ erred in finding that he did not establish it was "more likely than not" that he would be tortured upon return to the Phillippines. This is a challenge to the sufficiency of evidence supporting the IJ's finding, not a legal question.

The jurisdictional bars of 8 U.S.C. § 1252(a)(2)(B)(ii) & (C) preclude this court from entertaining Caramat–Padilla's petition for review. *See also* 8 U.S.C. § 1252(a)(2)(D). His petition is therefore DISMISSED.